IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRON J. MURPHY, | ) |
| | ) |
| Petitioner/Defendant, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-272-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. 03-30036-GPM |
| | ) |
| Respondent/Plaintiff. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Pursuant to a plea agreement, Petitioner entered a plea of guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 1 of the Indictment), and to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count 2 of the Indictment). On April 15, 2004, Petitioner was sentenced to 188 months imprisonment (188 months on Count 1 and 120 months on Count 2, to run concurrently), five years supervised release, a fine of $700, and a special assessment of $200. No appeal was filed, and Petitioner filed this Section 2255 motion on April 14, 2005.

Petitioner entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, Petitioner waived his right to a direct appeal and to a collateral attack under Section 2255. Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the Defendant knowingly and voluntarily waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which the sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, including any ordered restitution, in exchange for the concessions made by the United States in this plea agreement. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

Plea agreement at ¶ II-12 (Doc. 12, criminal case).

The Seventh Circuit Court of Appeals has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997); *accord United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995); *see also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir. 1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Court of Appeals has found that a waiver of Section 2255 relief in a plea agreement is enforceable and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Court of Appeals has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190. In this case, Petitioner does not contend that his sentence was not within the maximum provided for in the statute, nor does he contend that the Court relied upon any impermissible factors such as race or gender in determining his sentence. Consequently, there is no basis in the record for avoiding this waiver.

Because the waiver provisions of the plea agreement are enforceable, Petitioner has waived any right to bring this Section 2255. Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED:  05/04/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
